IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEGAN E. DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:23-cv-367-ECM-SMD |
| | ) |
| RUSSELL COUNTY DEPARTMENT | ) |
| OF HUMAN RESOURCES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Megan E. Dawson ("Dawson") filed this 42 U.S.C. § 1983 complaint alleging that, beginning in 2014, nine Defendants—including state agencies and state employees—violated her constitutional rights and Alabama state law during various custody proceedings involving her minor child. Compl. (Doc. 1). After Defendants moved to dismiss the complaint, Dawson requested leave to amend, and the undersigned granted her request. *See* Mot. (Doc. 67); Order (Doc. 68). Defendants now move to dismiss Dawson's amended complaint. *See* Mots. (Docs. 72, 73, 74, 75, 77, 78, 79). Because Dawson's amended complaint is a quintessential shotgun pleading, the undersigned recommends that it be dismissed and that Defendants' motions to dismiss be denied as moot.[1]

---

[1] Defendants primarily raise substantive issues in their motions to dismiss, with only one motion requesting relief based on pleading insufficiencies. *Compare* Mots. (Doc. 72, 73, 74, 75, 77, 78) (raising arguments pertaining to immunity, *res judicata*, collateral estoppel, the *Rooker-Feldman* doctrine, etc.) *with* Mot. (Doc. 79) (raising that the amended complaint is a shotgun pleading). Because Dawson's amended complaint is a shotgun pleading, the undersigned declines to address the substantive issues raised by Defendants in their motions and thus recommends that they be denied as moot.

I.  **JURISDICTION**

This Court has original subject matter jurisdiction over Dawson's constitutional claims pursuant to its federal question jurisdiction. 28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). The Court should exercise its supplemental jurisdiction over her related state-law claims because they share a common nucleus of operative fact with her constitutional claims. 28 U.S.C. § 1367; *Womack v. Carrol Cnty. Ga.*, 840 F. App'x 404, 407 (11th Cir. 2020) (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)).

II.  **FACTUAL ALLEGATIONS**

On May 28, 2014, Dawson's minor child was severely injured while Dawson was at work. Sealed Am. Compl. (Doc. 69) pp. 8-9. At the time of the injury, the minor was in the care of E.J. ("E.J."). *Id*. at 8. Shortly after the injury, the state juvenile court transferred custody of the child to Defendant Russell County Department of Human Resources ("RCDHR"), and Dawson was placed on a child abuse registry. *Id*. at 10-12. Although Dawson has made multiple attempts to regain custody of her child, none have been successful. *Id*. at 10-16. It appears that she has, however, been successful in having her name removed from the child abuse registry. *Id*. at 16.

In March 2019, Dawson's child was placed in the custody of her father. *Id*. at 15. Dawson has supervised visitation. *Id*. at 12.

## III. LEGAL STANDARDS

### A. Federal Pleading Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Under Rule 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate these Rules are often referred to as "shotgun pleadings." In essence, "[a] shotgun pleading is one that lacks the minimum clarity, brevity, or coherence" required by the Federal Rules. *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023). If "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," the complaint is a shotgun pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Shotgun pleadings are "roundly, repeatedly, and consistently condemn[ed]." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) (stating "shotgun pleadings wreak havoc on the judicial system" and "consume an inordinate amount of a court's time"). The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). District courts "have the inherent authority to dismiss a complaint on shotgun-pleading grounds." *Sarhan*, 800 F. App'x at 772. But first the district court must "explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington*, 757 F. App'x at 797. If the plaintiff fails to comply, "the court should strike his pleading or, depending on the circumstances, dismiss his case[.]"*Vibe Micro*, 878 F.3d at 1295.

### B. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to pro se

4

plaintiffs "does not give a court license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. Thus, a court is not required to accept a shotgun pleading even if the pleading is filed by a pro se litigant. *See, e.g.*, *Arrington*, 757 F. App'x at 798 (finding that the district court did not abuse its discretion by dismissing the pro se plaintiff's amended complaint on shotgun pleading grounds after he did not correct the deficiencies previously identified by the court); *Mainardi v. Unite Here Local 355*, 2023 WL 7929062, at *2 (S.D. Fla. Nov. 9, 2023) ("Importantly, the liberal construction afforded to pro se filings does not authorize pro se litigants to file impermissible 'shotgun' pleadings.").

V.     ANALYSIS

   A.     **Dawson's amended complaint is a shotgun pleading.**

Dawson's forty-nine-page amended complaint, which contains one hundred sixty paragraphs and an additional fifty pages of exhibits, fails to meet the federal pleading standards and is a textbook shotgun pleading. *See Moore v. Am. Federation of Television & Radio Artists*, 216 F.3d 1236, 1240 (11th Cir. 2000) (deeming a 96-page complaint with 232 paragraphs a shotgun pleading); *Terry v. Robinett*, 2021 WL 4074637, at *6 (M.D. Ala. Aug. 23, 2021) ("Plaintiff's 21-page, 61-numbered paragraph complaint with 246 exhibits is a textbook example of a shotgun pleading[.]"). Because Dawson's amended complaint fails to give any of the nine Defendants fair notice of the claims against them and it impedes the Court from accurately determining the grounds upon which each claim rests, the amended complaint bears the hallmarks of a shotgun pleading and should be dismissed.

To begin, the amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, 792 F.3d at 1323. For example, the amended complaint contains allegations about Dawson's child's medical history that are completely unrelated to the injury that led to the underlying custody dispute. Sealed Am. Compl. (Doc. 69) p. 8 (noting that the amended complaint alleges that the minor child "was seen at his primary care physician to discuss asthmatic symptoms" and "for a bee sting" and was later treated "for a viral infection," "to receive vaccines," and for a well check-up). The amended complaint also contains allegations about the course of treatment Dawson's child received after the injury that led to the custody dispute. *See id*. at 9 (noting that the amended complaint provides that Dawson took the minor "to Jack Hughs Hospital in Phenix," which "was not a pediatric hospital," and that the minor "was dehydrated and would need to transfer . . . to Columbus Medical Center in Columbus Georgia," who in turn "transferred the [minor] to Atlanta Children's Hospital," who "recommended that the minor go to Scottish Rite Rehabilitation Center," and then "to Birmingham Alabama Children Hospital and from there placed the child into Father Purchell Memorial Children's Nursing home"). While those allegations are at least relevant to the underlying injury giving rise to the custody dispute, the allegations are immaterial to Dawson's constitutional and state law claims against Defendants. The remainder of the amended complaint is similarly plagued with allegations that seemingly have no connection to the causes of action Dawson asserts.

In addition to immaterial allegations, the amended complaint contains dozens of legal conclusions couched as facts. For example, Dawson alleges that her former attorney

6

and Defendant Greg Ward ("Ward") "colluded together to tell the court they had reached an agreement" regarding the child's dependency status and that Ward "has kept in contact with the plaintiffs former attorney which confirms concluding and conflict of interest Bar complaints are not public record." *Id*. She states that Ward "has engaged in improper contact and improper relationship with the plaintiffs nonverbal child" and "has illegally done all he could to stop the mother from being a part of the child's life." *Id*. at 9-10.

Dawson's conclusory allegations are not limited to Ward. Later, when discussing the actions of Defendant Hedi Grohamn ("Grohamn"),[2] Dawson states that Grohamn "intentionally destroyed evidence to violate the plaintiff due process" and "committed perjury." *Id*. at 25. She also alleges that "[a]ccording to DHR POLICY and Adoption Safe Families Act of 1997, Families First Prevention ACT 2019, Constitutional rights, grounds for removal does not include failure to provide reason for injuries while at work, neither does the law support Heidi Grohamn asking the judge for a pickup order because of level of support system, sleep deprivation, language, or shock." *Id*. at 27. Similar conclusory allegations are made against other Defendants, including Defendant Angela Whitley ("Whitley"), *id*. at 28 (alleging that Whitley "intentionally interfered with [her] due process by not giving [her] a request letter for a due process hearing before being put on the child abuse registry to the proper persons"), and Defendant Stephanie Gillispie ("Gillispie"), *id*.

---

[2] Based on Defendant Grohamn's motion to dismiss, it appears that Dawson has misspelled her name. *See* Mot. (Doc. 72) p. 1 (noting the correct spelling of Grohamn as Grohman). However, for purposes of this Recommendation, the undersigned will use the spelling set forth by Dawson in the section of the amended complaint wherein she identifies the individual defendants. Sealed Am. Compl. (Doc. 69) p. 4.

(alleging that Whitley "intentionally committed fraud, to deceive the court to secure a judgment in her favor in her reports throughout the case").

Further, the amended complaint contains multiple sections of impermissible legal standards and legal argument. Indeed, pages seventeen through twenty of the amended complaint contain no well-pleaded facts and instead reference sections of the Alabama Code, discuss due process applicable under certain Alabama statutes, set forth the procedure for appealing an abuse determination, and provides when the findings may be shared with an employer. *Id*. at 17-20. The amended complaint also contains pages of what appears to be transcript testimony from underlying state court juvenile court hearings. *Id*. at 21-22, 23-26, 30-32. Simply put, these are not well-pleaded facts showing that Dawson is entitled to relief.

Compounding these pleading flaws is the fact that the amended complaint also suffers from the "mortal sin" of containing "multiple counts where each count adopts the allegations of all preceding counts." *See Weiland*, 792 F.3d at 1322, 1323. Within each cause of action, Dawson "repeats and re-alleges all preceding paragraphs and re-alleges them as if set forth fully herein." Am. Compl. (Doc. 69) pp. 43, 45-47. Then, in conclusory fashion, Dawson recites the elements of each cause of action without providing any factual allegations to support that cause of action. For instance, in Count VI, which is a "Fourteenth Amendment Due [P]rocess Violation" claim, Dawson re-alleges all preceding paragraphs and then states that Grohamn "purposely, recklessly and intentionally withheld, hid, evidence, falsified documents, and denied plaintiff due process hearing." *Id*. at 47. She provides no other information within the count, making it impossible for Grohamn or the

8

Court to determine the basis of the claim against her. The remaining counts in the amended complaint are similarly deficient.

In sum, Dawson's amended complaint is the quintessential shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts" and is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322-23. As such, the amended complaint does not meet the federal pleading standards and should be dismissed.

### B. Dawson should not be afforded an additional opportunity to amend.

Despite being afforded specific instructions regarding amendment, Dawson's amended complaint is afflicted with the same—if not more of the same—fundamental deficiencies as her original complaint. In ordering amendment, the undersigned cautioned Dawson that her original complaint was a shotgun pleading because it "include[d] facts that appear[ed] to have no relevance to her claims"; offered "only formulaic recitations of the elements of her causes of actions"; and was "filled with legal conclusions that she couche[d] as facts." Order (Doc. 66) p. 5. The undersigned advised Dawson that, in filing an amended complaint, she should state her facts "in a clear, concise, and direct manner" and she should "not include legal argument, legal standards, or legal conclusions," as such are not well-pleaded facts and would not be considered. *Id*. at 6. The undersigned further advised Dawson that within each cause of action alleged, she "must set forth the factual allegations about each Defendant(s) conduct supporting that cause of action" and that she "should not incorporate by reference previous paragraphs within the complaint." *Id*. at 7.

9

Although provided with these explicit instructions, Dawson's amended complaint, as explained in the previous section, is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The amended complaint also contains formulaic recitations of the elements of her causes of action and is filled with legal conclusions, legal argument, and legal standards. Further, the amended complaint's causes of action incorporate by reference all previous paragraphs and do not set forth any factual allegations concerning the conduct upon which the cause of action is based. Thus, the amended complaint does not comply with the federal pleading standards or the undersigned's order to amend.

The undersigned warned Dawson that "**if her amended complaint [did] not meet the federal pleading standards and the specific directives contained in [the undersigned's] order, the undersigned [would] recommend that [Dawson's] amended complaint be dismissed**." *Id.* Because Dawson's amended complaint is once again a shotgun pleading that fails to meet federal pleading standards, and because she has been sufficiently advised about these pleading deficiencies, the amended complaint should be dismissed without further opportunity to amend. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam) (finding that pro se plaintiffs must generally be given at least one chance to remedy pleading deficiencies before their action can be dismissed on shotgun pleading grounds); *Vibe Micro*, 878 F.3d at 1297 (The Eleventh Circuit has explicitly stated that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings.")

## VI. CONCLUSION

For the reasons stated above, the undersigned Chief United States Magistrate Judge

RECOMMENDS that Dawson's Sealed Amended Complaint (Doc. 69) be DISMISSED without leave to refile. The undersigned further

RECOMMENDS that Defendants' Motions to Dismiss (Docs. 72, 74, 75, 77, 78, 79) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 18, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of September, 2024.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE